**WO** LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Geraldo Luna Luna, ) No. CV 06-0810-PHX-MHM (ECV)
)
    Plaintiff, ) **ORDER**
)
vs. )
)
Joseph M. Arpaio, )
)
    Defendant. )
)

Plaintiff Geraldo Luna Luna, a former county jail inmate, filed this civil rights action. The Court will dismiss the action without prejudice for lack of prosecution for failing to keep the Court apprised of his address.

**I.    Procedural History**

The Local Rules of Civil Procedure require litigants to notify the Court of a change of address. See LRCiv 83.3(d). Also, in the instructions accompanying the form complaint, Plaintiff was informed that he must immediately notify the Court when his address changed or face possible dismissal of his action. The Local Rules of this Court require Plaintiff to comply with those instructions. See LRCiv 3.4(a). Again, in the Notice of Assignment issued immediately after Plaintiff filed his action, he was informed of the address change requirement and the possibility of dismissal for failure to comply (Doc. #2). Plaintiff knew about this requirement, because he later filed a change of address showing that he had been transferred to the state prison (Doc. #6).

1    Not long thereafter, Defendant moved to dismiss for lack of exhaustion (Doc. #7).
2  Defendants mistakenly sent the motion to the jail address. Regardless, the Court issued an
3  Order informing Plaintiff about his rights and obligations to respond to the motion (Doc. #8).
4  This Order was mailed to Plaintiff's address of record at the state prison. On August 28,
5  2006, the Court received its Order by return mail, with a notation that the mail was
6  undeliverable (Doc. #9). Plaintiff has not informed the Court where he presently is located.

7  **II.    Analysis**

8    A month has elapsed since the Order was returned. "A party, not the district court,
9  bears the burden of keeping the court apprised of any changes in his mailing address." Carey
10 v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*). If the Court were to show cause
11 Plaintiff why dismissal were not warranted, the Order "would only find itself taking a round
12 trip tour through the United States mail." Id. The Court is also not required to hold the
13 matter in abeyance in hopes that an address change will be forthcoming. "It would be absurd
14 to require the district court to hold a case in abeyance indefinitely just because it is unable,
15 through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not
16 prosecuting his lawsuit are reasonable or not." Id. at 1441.

17   Before dismissal for lack of prosecution, the court must weigh (1) the public's interest
18 in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk
19 of prejudice to the defendants, (4) the public policy favoring disposition of cases on their
20 merits, and (5) the availability of less drastic sanctions. Carey, 856 F.2d at 1440 (quoting
21 Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

22   These factors do not favor Plaintiff. The interests in judicial economy reflected in the
23 first two factors favor dismissal of the action. On the third factor, there is no risk of
24 prejudice to Defendant by dismissal, which he already sought by motion. The fourth factor
25 favoring disposition of cases on their merits weighs in favor of Plaintiff, but only slightly so
26 because Plaintiff apparently lost interest in prosecuting his action after he was transferred
27 from the jail. In addition, at this juncture, deciding the merits would be detrimental to
28 Plaintiff because he has not responded to Defendant's Motion to Dismiss. For the fifth

1 factor, there is no less drastic sanction than dismissal *without prejudice,* as the Court could
2 alternately rule on the merits of the motion for dismissal, and Plaintiff cannot be contacted
3 under these circumstances. Thus, the five-factor analysis weighs in favor of dismissal, and
4 the Court will dismiss his action without prejudice for failure to prosecute.

5 **IT IS ORDERED** that this action is **dismissed** without prejudice for failure to
6 prosecute. The Clerk of Court is directed to enter judgment accordingly. Defendant's
7 Motion to Dismiss (Doc. #7) is **denied** as moot.

8 DATED this 3rd day of October, 2006.

Mary H. Murguia
United States District Judge